EMORY D. FORROW *vs.* JOHN J. ARNOLD.

22  305
22  501

PROVIDENCE—DECEMBER 8, 1900.

PRESENT : Stiness, C. J., Tillinghast and Douglas, JJ.

(1)  *Attorney and Client.  Sunday.  Negligence.*

Where a writ was given by an attorney to a client on Sunday, upon the
attorney's advice that the affidavit was in proper form, which advice
was followed by the client by swearing to it on Monday, the cause of
action against the attorney for an illegality in the writ, by means of
which the client was damnified, arose on Monday and not on Sunday.

(2)  *Attorney and Client.  Negligence.  Actual and Punitive Damages.*

A., an attorney, issued for B., his client, a void writ upon which C. was
arrested.   After judgment in favor of C., an action of malicious prose-
cution was commenced against B. by C., in which he recovered the sum
of $400 as damages.   This amount, which was largely punitive, was
based upon one or more allegations of the gravamen, viz. (1) that the offi-
cer (through ignorance and without instructions from A.) took C. to the
county seat after bail had been procured ; (2) that the affidavit was false
in stating that B. had a just claim against C.; and (3) that it was false in
stating that C. was about to leave the State.   After satisfaction of the
judgment, B. brought an action against A. for negligence and recovered
the amount of said judgment as damages.   On petition for a new trial:—

*Held,* that none of the things alleged as gravamen against B. upon which
punitive damages were recovered could be charged upon A. as the proxi-
mate result of his neglect.

*Held,* further, that A. was liable for issuing the void writ, for the cost of
prosecuting the original suit; the judgment against B. in that suit;
and, if C. should sue for an *illegal arrest,* the judgment against B. on
that account.

(3)  *Attorney and Client.  Negligence.*

*Semble,* an attorney is liable to his client for the damages resulting as a
proximate consequence from his negligence.

TRESPASS ON THE CASE for negligence.   The facts are suffi-
ciently stated in the opinion.   The illegality in the writ con-
sisted in the omission of the words "that is due" in the affi-
davit.   Heard on petition of defendant for new trial, and
decision against defendant reduced in amount and new trial
denied.

(3)     STINESS, C. J.   An attorney is liable to his client for the

damage resulting as a proximate consequence from his negligence.    3 Am. & Eng. Enc. Law, 2 ed. p. 398.

(1)    The negligence in this case consisted of an omission to notice that the affidavit on a writ filled out by the defendant did not conform in one allegation to the requirements of the statute.    The writ having been given to the plaintiff on Sunday upon the defendant's advice that the affidavit was in proper form, which advice was followed by swearing to it on Monday, the cause of action arose on Monday, and not, as the defendant contends, on Sunday.    Exceptions on that ground are overruled.

(2)    The damages for which, therefore, the defendant is liable are simply those which follow from the issue of a void writ. They would include the cost of prosecuting the suit ; the judgment for costs against the plaintiff ; and, if the defendant in the suit should sue for an illegal arrest, the amount of the judgment against the plaintiff on that account, which, under the facts in this case, could not have been large.    A suit was brought by Dutcher, the defendant in the writ, against the present plaintiff, which resulted in a judgment against this plaintiff in the sum of $400, all of which has been allowed to the plaintiff in the decision of the trial judge.    An inspection of the record in that case shows that the gravamen upon which more than actual damages could have been allowed, consisted of three things.    First, that the officer, through ignorance of his duty and without instructions from this defendant, took Dutcher to East Greenwich, after bail had been procured ; second, that the affidavit was false in stating that the plaintiff had a just claim against the defendant; and third, that it was false in stating that the defendant was about to leave the State.    No one of these things could be charged upon this defendant as the proximate result of his neglect; but the damages, being largely punitive, must have been based upon one or more of these grounds.    Such an allowance was erroneous.

The decision was based upon the proposition that but for the void writ no action for false imprisonment could have been maintained.    The declaration in the former case was

for malicious prosecution and not for false imprisonment. There is a distinction between such cases. *Hobbs* v. *Ray*, 18 R. I. 84; *Lauzon* v. *Charroux*, 18 R. I. 467. An action for malicious prosecution could have been maintained under a valid writ upon either of the grounds above stated.

The actual damages in this case, so far as appears, did not exceed $50, and that is the limit of the defendant's liability.

The other exceptions presented are overruled. We therefore direct that judgment be entered for the plaintiff in the sum of $50.

*P. 'H. Quinn*, for plaintiff.
*John J. Arnold*, pro se.